## Richmond

RONALD EUGENE LANE v. ALPHEUS P. HAMPTON, ADMINISTRATOR OF THE ESTATE OF ALPHEUS P. HAMPTON, JR., DECEASED.

June 13, 1955.

Record No. 4384.

Present, All the Justices.

The opinion states the case.

*Williams, Cocke, Worrell & Kelly* and *Jack E. Greer*, for the plaintiff in error.

*Rixey & Rixey* and *Spencer G. Gill, Jr.,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

In an action for wrongful death Alpheus P. Hampton, administrator of the estate of Alpheus P. Hampton, Jr., deceased, has recovered a verdict and judgment of $5,000 against Ronald Eugene Lane. On this writ of error the defendant, Lane, attacks the sufficiency of the evidence to sustain the verdict and judgment, claiming that it fails to show (1) that he, the defendant, was guilty of any negligence which proximately caused his car to strike the plaintiff's decedent, or (2) that the death of the plaintiff's decedent was proximately caused by his being struck by the defendant's car.

There is little dispute in the evidence, which may be thus summarized:

Young Hampton and Lane, both in their early twenties and friends for a number of years, met at a store at the intersection of Highways Nos. 170 and 611, in Norfolk county, on the night of September 7, 1953. At about midnight they left the store, each driving and being the sole occupant of his car. They drove eastwardly along Highway No. 611 which is a secondary two-lane road, paved to a width of 18 to 20 feet, with dirt shoulders on each side. The two cars proceeded along the road at a speed of about 50 to 55 miles per hour, with the Hampton car ahead and Lane following about 600 feet behind.

The Hampton car disappeared from Lane's view around a sharp left-hand curve. Lane slowed down to 35 or 40 miles per hour and proceeded around the curve when he saw in a "thick cloud" of dust ahead the taillights of an automobile on the left-hand side of the road. An instant after seeing the lights of this car ahead, Lane's car struck and passed over an object which he had not previously seen in the road. Sensing that the object which he had struck might be the body of his companion who had fallen from the car ahead, Lane proceeded past the car a distance of from 100 to 250 feet, where he was able to turn around. Returning to the scene he found the Hampton car on the left side of the road with

its head- and taillights burning. Hampton, in an unconscious condition and bleeding profusely, was lying on the pavement some 28 feet ahead of his own car.

An examination of the scene by a State trooper who appeared shortly thereafter, showed that in rounding the curve the Hampton car had skidded for a distance of 40 feet on the pavement, traveled 99 feet along the right-hand shoulder, run off the road on that side, struck a near-by stump, then returned to the highway and proceeded 39 feet further until it came to a stop on the left-hand side of the road, headed eastwardly. The car had been badly damaged by its collision with the stump. The windshield was broken, the right rear tire had been torn off, and the right door was sprung open and would not close. There was a spot of blood on the pavement opposite the stump which apparently marked the place where Hampton fell from the car. Other blood spots along the pavement indicated that Hampton's body had been dragged by the Lane car a distance of approximately 57 feet. He died in an ambulance on the way to the hospital.

Werner Bloom, a witness for the plaintiff, testified that as he was driving along Highway No. 611 these two cars passed him a short distance west of the scene of the accident; that as he drove around the curve he observed no dust in the vicinity; that he saw the Hampton car on the road ahead and Hampton's body just beyond it; and that in a few moments he saw the Lane car as it returned from the opposite direction to the scene.

Lane testified that he was keeping a lookout ahead as he proceeded around the curve, with his lights on a low beam, but he admitted that he did not see Hampton's body before striking it. He attributed his failure to see the body to the dust which, he said, had been raised by the Hampton car, and to the fact that in going around the sharp curve his (Lane's) headlights failed to show Hampton's body on the road. Prior to seeing the Hampton car standing on the left side of the highway in the curve, Lane had seen or observed nothing which indicated that that car had been involved in an accident, or that its driver was lying in the roadway.

The only claim of negligence on the part of the defendant is that by the exercise of ordinary care in keeping a reasonable lookout he should have seen Hampton's body on the road and avoided striking it. To sustain this claim of negligence the decedent's father, over the objection of the defendant, was permitted to testify that on the day before the trial, during daylight, he drove

his truck around the curve at 35 to 40 miles per hour, in the direction in which the two cars were proceeding at the time of the accident, and that "an object lying on the hard surface opposite the stump" was visible to him from the driver's seat of the truck for a distance of 203 feet before reaching it. The purpose of his testimony was to show that the body of young Hampton, as it lay opposite the stump, was visible to Lane for that distance, had he been keeping a proper lookout.

But this experiment and observation were made under conditions and circumstances quite different from those existing at the time of the accident. The experiment was made during daylight, while the accident occurred on a dark night. At the time of the experiment the witness was on the lookout for an object which he knew had been placed on the highway for the purpose of being seen, while under the circumstances of the accident the defendant was unaware of the presence of his friend's body in the road. Plainly, under such circumstances, the evidence of this test and observation was improper and without probative value on the issue before the jury. *Doss* v. *Rader*, 187 Va. 231, 236, 237, 46 S. E. (2d) 434, 437, and cases there cited.

We find in the record no evidence of probative value to sustain a finding that the defendant, Lane, was negligent in that he failed to keep a proper lookout, or that by the exercise of ordinary care he should have seen Hampton's body in the road and avoided striking it. The plaintiff says in his brief that, "Admittedly, this accident occurred on a narrow, hard surfaced, unlighted road in darkness, beyond a practically right-angled curve." The evidence is undisputed that as Lane entered the curve he slowed down and was proceeding in his proper lane and at a lawful speed. After the Hampton car had disappeared around the curve some 200 yards ahead of him, Lane saw or heard nothing which indicated that it was in trouble until he had proceeded further around the curve when he was suddenly confronted with a cloud of dust and saw the taillights of the wrecked car ahead. At the instant Lane observed the disabled car, his car struck the body of his friend. Without notice of the accident, Lane was under no duty to be on the lookout for a body in the roadway. He had the right to assume that the highway was clear until he saw, or in the exercise of ordinary care should have seen, the body. Under the circumstances related we see no lack of ordinary care on his part.

It is true that the witness, Bloom, testified that when he reached

the scene he had no difficulty in seeing Hampton's body which was then lying some 28 feet ahead of the Hampton car. But in the meantime the body had been dragged a distance of 57 feet by the Lane car. We are not told whether the nature of the curve and the location of the body on the pavement, at the place where Bloom saw it, were the same as or similar to those with which Lane was confronted as he drove along the road. Then, too, the dust which partly obscured Lane's view of the road had cleared when Bloom arrived at the scene.

Moreover, we are of opinion that the evidence fails to show that the death of the plaintiff's decedent was caused by the defendant's car. The physical facts show that the Hampton car struck the stump with great force and was badly damaged. Hampton was thrown or fell from the car onto the pavement. The medical evidence is that he received multiple injuries including a fractured skull. There was no evidence before the jury which showed or tended to show which of these injuries were attributable to the collision of the Hampton car with the stump, or which were attributable to the striking and dragging by defendant's car, or which caused the death of plaintiff's decedent.

The plaintiff attempted to show by hypothetical questions propounded to one of the physicians that Hampton's death was probably attributable to his being struck by the defendant's car. On objection of the defendant, this evidence was excluded from the jury and their verdict was in no way predicated thereon. There is no assignment of cross-error to the refusal of the court to admit this evidence and consequently we are not called upon to appraise its probative value. But it may not be amiss to say that it was so highly speculative as to throw no light on the subject.

It is elementary that in an action of this kind the plaintiff must prove by a preponderance of the evidence that the death of the decedent was proximately due to the negligence of the defendant. As we pointed out in *Richter, Adm'r v. Seawell, Adm'x*, 183 Va. 379, 383, 32 S. E. (2d) 62, 64, "in order for the plaintiff to prevail, the circumstantial evidence relied on must show something more than that the injuries complained of may have resulted from one of two causes, for one of which the defendant is responsible and for the other of which he is not." See also, *C. D. Kenny Co.* v. *Dennis*, 167 Va. 417, 420, 189 S. E. 164, 165; *Keen, Adm'r v. Harman, Adm'r*, 183 Va. 670, 677, 33 S. E. (2d) 197, 199.

Here the plaintiff has failed to carry this burden and it is a matter of pure speculation that the unfortunate death of this young man was caused by his being struck by the defendant's car.

Having reached the conclusion that the evidence is insufficient to support the verdict and judgment, the verdict will be set aside, the judgment reversed, and a final judgment here entered for the defendant.

*Reversed and final judgment.*