MILDRED SPURLIN

*v.*

CORRINE NARDO

(No. 11096)

Submitted May 3, 1960.      Decided July 6, 1960.

*Handlan, Garden, Matthews & Hess, Thomas B. Miller,* for plaintiff in error.

*Jeremy C. McCamic, McCamic & Tinker,* for defendant in error.

BERRY, JUDGE:

The plaintiff, Mildred Spurlin, instituted this action of trespass on the case in the Circuit Court of Ohio County, West Virginia, against the defendant, Corrine Nardo, as a result of an automobile accident in which the plaintiff was a guest passenger in an automobile owned and being driven by the defendant. The plaintiff sustained personal injuries as a result of the accident and after the submission of the case to the jury it returned a verdict in favor of the plaintiff in the amount of $5000.00. The motion to set aside the verdict and grant the defendant a new trial was overruled and judgment was rendered on the verdict by the trial court. A writ of error and supersedeas to this judgment was granted by this Court on November 2, 1959.

The accident in question occurred on May 26, 1958, at the foot of 29th Street Boulevard hill, in the City of Wheeling. About 9 o'clock p.m. on the date of the accident the plaintiff and defendant left the center of Wheeling in defendant's automobile and drove along the same route where this accident occurred, up the same 29th Street Boulevard hill to the town of Bethlehem, which is adjacent to the City of Wheeling, where they attended a bridal shower given for one of the fellow employees of the plaintiff and defendant.

The plaintiff and defendant left the shower about 11 o'clock p.m. to return to Wheeling. At the intersection of Orchard Lane and Ridgecrest Road, or Route 88, both the plaintiff and defendant noticed that

there was something peculiar about the foot brake because the defendant had to press the brake pedal all the way forward before the car would come to a complete stop. However, after proceeding on Route 88 the foot brake was tested by pumping it several times and on each occasion the car would jerk and throw the plaintiff forward and backward in her seat. After such application of the brake, both the plaintiff and defendant were of the opinion that it was all right. The plaintiff asked the defendant if the brake was all right and the defendant replied that it was and both were satisfied with regard to it being in proper working condition at that time. They then proceeded down Route 88 and entered the 29th Street Boulevard hill intersection, after looking to determine if there were any cars approaching. The defendant then proceeded to drive her automobile in second gear into the 29th Street Boulevard hill. After they started down the hill while traveling at a speed of approximately 35 miles per hour, she attempted to use the foot brake, at which time she discovered that it did not function properly. After this discovery, the defendant apparently became panic-stricken as she testified that when she discovered she had no brakes she became ''petrified'' and the first thing she thought of was death and that her mind was a blank, that she did not know what was going to happen and told the plaintiff that they should jump from the car. During this time she had unintentionally caused the car to slip out of second gear and it was rapidly picking up speed. The plaintiff told the defendant to remain calm, to keep her head and not to get hysterical. She also advised her against jumping from the car and told her to apply the hand brake, which the defendant attempted to do but it failed to stop the car. The defendant attempted to put her car in second gear again, as well as low gear, but she says the gears started to ''strip'' and the car would not go into low gear. It appears that the defendant did not use the clutch when she tried to get it in second or low gear, because she had her left foot flush against the floor board and her right foot on the foot brake

with such force that the heel on her right shoe came off. Neither the plaintiff nor the defendant turned the ignition off while the car was traveling down the hill. The defendant managed to pass a tractor trailer approaching in the opposite direction as she was proceeding down the hill, and when they arrived at the bottom of the hill, where there is a curve to the right, the car tipped to the left and the defendant, believing the car was going to turn over, completely lost control of it and jumped from the car. At the time the defendant jumped from her car she called to the plaintiff to jump, but the plaintiff remained in the car and it ran into the rear of a parked truck, causing the injuries to the plaintiff.

One of the witnesses who testified for the plaintiff was an expert mechanic with thirty years' experience as a repairman and thirty-five years' as a driver of all type of cars. This witness testified that prior to the trial he had made certain tests with a 1949 Ford automobile, the same make and model as the automobile driven by the defendant which was involved in this accident. He stated that the foot brake on the automobile used by him to make the tests was in good working condition but that he did not use the foot brake during the test. The tests were made on 29th Street Boulevard hill, the same hill on which the defendant had driven her automobile down at the time of the accident. The first test was made with the car traveling at a speed of 60 miles per hour and the witness stated that he shifted into second gear and reached the bottom of the hill at a speed of 16 miles per hour. He testified that he then drove the automobile down in second gear with the engine off and that the car stopped at the first flat place at about half-way down the hill. He stated that he also drove the car at a speed of approximately 60 miles per hour into 29th Street Boulevard hill, placed the transmission in neutral, turned the ignition off and pulled the emergency brake on and that the car stopped at the bottom of the hill. The defendant objected to the testimony of

this witness on the grounds that conditions were not the same as those under the circumstances existing at the time the defendant drove her automobile down the same hill, because the defendant was only twenty-one years of age and lacked the mechanical knowledge and experience that this witness had gained over a period of thirty-five years, and also that the sudden emergency created by the failure of her foot brake to function was not present during the time the mechanic was making his tests because he knew his foot brake was in good mechanical condition. The trial court, out of the presence of the jury, indicated that the objection would be well taken if factually correct. The court further stated, in connection with the question of the sudden emergency involved, that the testimony was not admitted to show what any particular driver could do but merely what the car could be made to do. When the jury returned, no instructions were given by the court to the jury as to what it was to consider relative to this evidence, and it was all allowed to go to the jury without any separation of the human element and mechanical element. The charge given by the court did not instruct the jury to consider this testimony only as to what the machine or automobile would do under such circumstances, and the jury was allowed to consider the manner in which the experienced mechanic and driver operated the automobile at the time the tests were made in comparison with the manner in which the defendant, a person with much less experience and mechanical knowledge, operated her automobile under a sudden emergency, and without any instruction to consider the difference in age, experience and knowledge between the two people. The charge given by the court did, however, instruct the jury to take into account the sudden emergency involved in this case, but it did not instruct the jury to consider the matter in connection with the tests.

The defendant assigns three main grounds of error for reversal of the judgment of the trial court. They are: (1) The failure of the court to direct a verdict

in favor of the defendant, (2) an improper charge given by the court in lieu of instructions offered by the parties which did not include the contents of three instructions offered by the defendant dealing with contributory negligence or assumption of risk on the part of the plaintiff during all of the events leading up to the accident, and, (3) the admission of evidence with regard to the tests made by the expert mechanic.

We are of opinion that the facts involved in this case should be considered together and not separated, in order to ascertain if there was negligence on the part of the defendant and contributory negligence on the part of the plaintiff. To separate the occurrences tends for confusion and difficulty in determining the proper disposition.

The trial court found, as a matter of law, that when it was ascertained that there was something ''funny'' about the foot brake because it did not stop the car properly at the first instance at the intersection of Orchard Lane and Route 88, and both the defendant and plaintiff knew this, the defendant was guilty of negligence in proceeding further with the car and that the plaintiff was guilty of contributory negligence and was barred from recovery at that time because she also knew that there was something wrong with the brake. The trial court submitted the case to the jury for determination from the facts and circumstances as to whether or not the defendant was guilty of negligence because of her actions after she started driving the automobile down 29th Street Boulevard hill and failed to control the car. It must be remembered that after the first indication of trouble with the brake, both the defendant and plaintiff believed the brake to be in good working condition because of the test made by the defendant by pumping the foot brake pedal several times, which caused the car to jerk and slow down. Although it was proper for the trial court to submit to the jury the question of sudden emergency after the defendant started down 29th Street Boulevard hill, the real reason for the sudden emergency was the failure

of the foot brake to function. The fact that the foot brake did not function properly and was inadequate to control the movements of the car was a violation of the statute and constitutes *prima facie* negligence, which also should have been submitted to the jury. See Code, 17C-15-31, as amended, and Code, 17C-16-1, as amended. Under the provisions of Code, 55-7-9, the plaintiff is allowed to recover damages for her injuries by virtue of such violation if the violation was the proximate cause of the injuries complained of. *Powell v. Mitchell,* 120 W. Va. 9, 196 S. E. 153.

Notwithstanding some inconsistent statements in other West Virginia cases, the law in this state is now settled that the violation of a statute is *prima facie* negligence and not negligence *per se. Moore v. Skyline Cab Co.,* 134 W. Va. 121, 59 S. E. 2d 437; *Morris v. City of Wheeling,* 140 W. Va. 78, 82 S. E. 2d 536; *Barniak v. Grossman,* 141 W. Va. 760, 93 S. E. 2d 49. Therefore, the failure of the foot brake on the defendant's car, both at the intersection of Orchard Lane and Route 88, and in traveling down 29th Street Boulevard hill would constitute *prima facie* negligence on the part of the defendant, which may be rebutted. *Sothoron v. West,* 180 Md. 539, 26 A. 2d 16. It was also held in the *Sothoron* case that defective brakes can easily be detected by simply pressing the foot pedal and anyone can make the test. If such test shows the brakes in working order and then they suddenly fail, the driver may not then be liable in driving with them. That is exactly what occurred in the case at bar. However, this entire matter is a question for jury determination. *Davis v. Pugh,* 133 W. Va. 569, 57 S. E. 2d 9; *Prettyman v. Hopkins Motor Co.,* 139 W. Va. 711, 81 S. E. 2d 78.

Reasonable men may draw different conclusions in this case as to whether or not the defendant was guilty of negligence and the plaintiff guilty of contributory negligence after it came to their attention that there was something peculiar about the brakes before entering Route 88, and as to whether or not they were

absolved of such negligence after the brakes were applied and jerked the car, or whether they should still be charged with the notice that the brakes were defective. This conclusion should be left for jury determination. *Fowler v. B. & O. R.R. Co.*, 18 W. Va. 579.

It was held in Pt. 2 of the syllabus in *Prettyman v. Hopkins Motor Co., supra,* that "When the evidence is conflicting, or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, the question of negligence is for the jury."

Regardless of the answer to the above question with regard to the first indication of brake failure, it is an uncontradicted fact that the brakes did fail while defendant was traveling down 29th Street Boulevard hill. This in itself was a violation of the statute, Code, 17C-15-31, as amended and Code, 17C-16-1, as amended, and constituted *prima facie* negligence, and if such *prima facie* negligence was the proximate cause of the accident and the plaintiff's injuries in this case she should have been allowed to recover if the plaintiff was not guilty of contributory negligence, which would bar her recovery, all of which was a question for jury determination. *Wright v. Valan,* 130 W. Va. 466, 479, 43 S. E. 2d 364; *Davis v. Pugh,* 133 W. Va. 569, 57 S. E. 2d 9; *Prettyman v. Hopkins Motor Co., supra.*

It was held in Pt. 6, syllabus, *Morris v. City of Wheeling, supra,* that: "A prima facie case of actionable negligence is that state of facts which will support a jury finding that the defendant was guilty of negligence which was the proximate cause of plaintiff's injuries, that is, it is a case that has proceeded upon sufficient proof to the stage where it must be submitted to a jury and not decided against the plaintiff as a matter of law."

In connection with the brake failure while the car was traveling down the hill and the sudden emergency created thereby, the jury should be allowed to consider all of the facts and circumstances in connection

therewith, and to ascertain whether or not the defendant was guilty of negligence at that stage and whether or not the plaintiff was barred from recovery by virtue of any of her actions or failure to act.

In regard to the question of sudden emergency, it was held in the case of *Matthews v. Gas Co.,* 138 W. Va. 639, 77 S. E. 2d 180, point 8 of the syllabus, that: ''A person in a sudden emergency, who acts according to his best judgment or, because of insufficient time to form a judgment, fails to act in the most judicious manner, is not guilty of negligence if he exercises the care of a reasonably prudent person in like circumstances.'' Whether or not the defendant acted as a reasonably prudent person under the circumstances of this case in doing or failing to do such things which would have prevented this accident is clearly a question which calls for jury determination.

The trial court properly refused to direct a verdict in favor of the defendant and properly refused to give to the jury the peremptory instruction offered by the defendant. However, under the facts and circumstances of this case, the court should have given to the jury the instructions offered by the defendant dealing with contributory negligence, or included such principles in its charge to the jury. *Wright v. Valan, supra.* The failure to do so constitutes reversible error in this case.

There is some confusion in the instant case as to whether the facts with regard to the indication of defective brakes and the test to ascertain that the brakes were in proper working order would constitute contributory negligence or assumption of risk on the part of the plaintiff because of such knowledge, which is, as we have heretofore indicated, a question for jury determination. The distinction is sometimes a troublesome matter, but disposition, if properly submitted to the jury, makes little difference. Contributory negligence and assumption of risk are not identical. The case of *Hunn v. Hotel Co.,* 119 W. Va. 215, 217, 193 S. E. 57, distinguishes between the two, where-

in it is stated: ''The essence of contributory negligence is carelessness; of assumption of risk, venturousness.'' This matter is also discussed in 38 Am. Jur., Negligence, §172, wherein it is stated: ''The defense of assumption of risk is closely associated with the defense of contributory negligence. One who does not exercise ordinary care for his own safety is said, speaking broadly, to assume the risk, that is, take the chance, of being hurt. The defense of assumption of risk is not incompatible with contributory negligence; the two defenses may arise under the same state of facts. Some courts regard the defenses as interchangeable. However, there is a clear distinction between the defense of assumption of risk and the defense of contributory negligence, notwithstanding they may arise under the same set of facts and may sometimes overlap. There is a line of demarcation which, if carefully scrutinized and followed, will allow the court to differentiate between them. Assumption of risk rests in contract or in the principle expressed by the ancient maxim, 'volenti non fit injuria,' where as contributory negligence rests in tort. The former involves a choice made more or less deliberately and negatives liability without reference to the fact that the plaintiff may have acted with due care, whereas the defense of contributory negligence implies the failure of the plaintiff to exercise due care. As stated in some decisions, assumption of risk is a mental state of willingness, whereas contributory negligence is a matter of conduct.'' The evidence in this case pertaining to the knowledge concerning the condition of the brakes, which should be submitted to a jury, may not be classified as venturousness but as carelessness, inasmuch as the plaintiff may not have known or appreciated the danger since she stated she thought the brakes were in good condition after being tested by the defendant, and also she may have been lulled into security from the statement made by the defendant that the brakes were all right after they had acted peculiarily. Knowledge and appreciation of the danger are necessary elements of the defense of assumption of risk. 38 Am. Jur., Negli-

gence, §173. If the defendant did not actually have knowledge or appreciate fully that the brakes were defective, but should have used due care in ascertaining whether they were or were not after the first indication that they were not acting properly, even though later she thought they were, her actions in remaining in the car would present a question of contributory negligence to be submitted to the jury for ascertainment under all the facts and circumstances in the case. *Wright v. Valan, supra.*

The assignment of error by the defendant with regard to the testimony of an expert mechanic with reference to his personal tests made with a car the same model and make as that owned and driven by the defendant at the time of the accident presents a rather difficult question in the instant case. The automobiles in question were similar but the drivers were entirely different, that is, the machines were practically the same but the human element involved was different. The conditions under which the automobiles were driven were entirely different. The defendant did not have the experience that the expert mechanic had, she was much younger and had been subjected to a sudden emergency to which he had not been subjected. The trial court recognized this difference and made a statement with regard to it to counsel and overruled the objection to the testimony, but at no time instructed the jury with regard to the question. The court's charge did not refer to this matter. However, the opinion by the court does contain a discussion regarding it but the jury was never instructed relative to the situation during the trial of the case. The admission of such evidence is usually within the sound discretion of the trial court and the conditions do not have to be identical so long as they are substantially the same. 32 C.J.S., Evidence, §587 and §590; *State v. Newman,* 101 W. Va. 356, 132 S. E. 728; *Norfolk & W. Ry. Co. v. Henderson,* 132 Va. 297, 111 S. E. 277. However, where a human element is involved, such experiments should either be excluded or the human

element separated. *Norfolk & W. Ry. Co. v. Sollenberger's Adm'r.,* 110 Va. 615, 66 S. E. 726. See *Lane v. Hampton,* 197 Va. 46, 87 S. E. 2d 803.

We are of the opinion that the evidence of the tests of the machine as such would have been proper to show what the machine could do; but when the trial court did not properly limit it to the machine and allowed the jury to consider the actions and driving of an expert driver with many years of experience in comparison with the youth and inexperience of the defendant, as well as not pointing out the difference under which the experiment or tests were made, that is, that there was no failure of brakes or sudden emergency involved when the expert made the tests and that he knew the brakes were in good working order on the car he was using at the time the tests were made, this would constitute error in this case. If the trial court had instructed the jury with regard to these tests as it informed the attorneys outside the hearing of the jury, and as indicated in its opinion, evidence of the tests would have been properly submitted to the jury.

For the foregoing reasons, the judgment of the Circuit Court of Ohio County is reversed, the verdict is set aside, and a new trial is awarded the defendant.

*Judgment reversed; verdict set aside; new trial awarded.*