**W. J. HOPKINS, Appellee,**

v.

**C. E. WHALEN COMPANY, Inc., a corporation, Appellant.**

**No. 71-1766.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1972.

Decided Feb. 25, 1972.

W. H. File, Jr., Beckley, W. Va. (Bowers, File, Hodson & Payne, Beckley, W. Va., on brief), for appellant.

Robert B. Sayre, Beckley, W. Va. (Sayre & Sayre, Beckley, W. Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

The C. E. Whalen Company appeals from the entry of judgment in favor of W. H. Hopkins for personal injuries. Whalen's principal assignment of error is the trial judge's ruling that Hopkins was not contributorily negligent as a matter of law. We reverse because we believe this issue should have been submitted to the jury.

In the course of constructing a railroad, Whalen blasted rock into a creek near a highway. The creek, swollen by heavy rains and blocked by rubble from the explosions, flooded the road. Hopkins arrived at this section of the highway after dark. He stopped his pickup truck and investigated the depth of the water by walking 100 feet or so along the center line of the road about halfway through the flooded area. He found that the water covered the northbound lane and shoulder of the highway adjacent to the creek, that it was about three inches deep at the center line, and that it encroached into the southbound lane. Hopkins returned to his truck and, following a car at a distance of about 75 feet, he drove on part of the southbound lane and shoulder. He testified that suddenly the front of his truck broke through the road, and, as a result, he was washed downstream sustaining numerous injuries.

The district judge ruled that the evidence failed to disclose that Hopkins acted carelessly. He held that the only fault chargeable to Hopkins was venturing on a road that might collapse under the weight of his truck. Accordingly, he instructed the jury that Hopkins could be denied recovery under the defense of assumption of risk if, fully appreciating the danger, he knew or should have known that the road might give way beneath him. But the district judge also told the jury that Hopkins was not contributorily negligent as a matter of law.

■■ West Virginia recognizes that the defenses of contributory negligence and assumption of risk are not always incompatible and that the "essence of contributory negligence is carelessness; of assumption of risk, venturousness." Hunn v. Windsor Hotel Co., 119 W.Va. 215, 193 S.E. 57, 58 (1937); see Spurlin v. Nardo, 145 W.Va. 408, 114 S.E.2d 913, 919 (1960). Therefore, under familiar principles of federal law, if more than one reasonable inference can be drawn from the evidence concerning the care Hopkins exercised while driving through the flood, the issue of contributory negligence should have been submitted to the jury. Rundle v. Grubb Motor Lines, Inc., 300 F.2d 333, 336 (4th Cir. 1962).

The shoulder of the road adjacent to the southbound lane was three to four feet wide. The water did not cover any part of it, and, utilizing this shoulder, other cars passed safely through the flooded area immediately before and after Hopkins. The car Hopkins followed traveled with its left wheels on the shoulder. Hopkins, however, admitted that from time to time the left wheels of his truck were on the hard surface. His right wheels ran in the water. Moreover, it was not conclusively shown that the road collapsed under Hopkins. When he walked along the road he did not see the center line throughout the entire length of the flooded area. He drove with his head out of the left window, and he does not claim he saw that the road was intact along the path taken by his right wheels immediately before the disaster. Indeed, in a pretrial statement he attributed his misfortune to being swept off the road.

While the question is a close one, we believe that more than one reasonable inference can be drawn from this evidence. It is possible that Hopkins inadvertently drove his right front wheel into a damaged section of the road concealed by water that other vehicles avoided. The jury could have found that Hopkins did not follow the same route other drivers safely used before and after his accident and that his deviation indicated a lack of due care. We conclude, therefore, that Whalen was entitled to have the jury consider the defense of contributory negligence.

Whalen also complains that the trial judge made numerous other errors. We find, however, that his rulings were clearly unexceptionable, and we see no occasion to discuss these additional issues. The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

Vacated and remanded.