TOM WOODLEY *v.* JOHN STEINER

(No. 7229)

Submitted May 18, 1932.    Decided May 24, 1932.

*Wm. Janes* and *Wm. T. George*, for plaintiff in error.
*Forrest B. Poling*, for defendant in error.

MAXWELL, JUDGE:

Plaintiff has been awarded a writ of error from an order of the circuit court of Barbour County setting aside a verdict in his favor and granting defendant a new trial.

Suit was instituted by plaintiff to recover of defendant damages to his automobile amounting to $128.88 as a result of a collision in the town of Junior, on State Route No. 56. At the time of the accident, plaintiff's automobile was being driven by his cousin with plaintiff and the latter's sister as passengers. They were proceeding in the direction of Elkins. Defendant, driving his own automobile, was proceeding alone over the highway in the opposite direction. The automobiles collided at a point off the highway on a cindered approach to a garage and filling station.

The evidence is conflicting as to how the collision occurred. According to plaintiff's evidence, his automobile was driven off the highway on his own side and practically stopped, and defendant's automobile whirled and skidded off the highway, the rear end crashing into the front of plaintiff's automobile. It appears that the highway was slippery because of a recent snowfall. Plaintiff asserts that defendant was driving about 25 or 30 miles per hour down grade when first observed; that his automobile was sliding from one side of the highway to the other; that his, plaintiff's, automobile was driven off

the hard surface purposely to avoid an impending collision; that defendant's brakes were out of adjustment; and that as he applied them, their defective condition caused the car to skid, leave the highway, and collide with plaintiff's automobile. Plaintiff and the driver of his automobile both testify that when they observed that defendant's automobile was skidding, they turned onto the shoulder of the road so as to give the defendant the whole road.

Defendant avers that, while it is true his automobile did skid as he attempted to pass another parked on his side of the highway, causing his automobile to leave the highway to his left, his brakes were not defective; that he was not driving 25 or 30 miles per hour; that the automobile had come to a complete stop; and that while so situated, plaintiff's automobile was driven off the highway at a speed of about 25 miles per hour and crashed into defendant's automobile.

No instructions were given to the jury. The only error assigned is the judgment of the trial court setting aside the verdict of the jury and granting defendant a new trial.

No reason is given by the trial court in its order for setting aside the verdict. It appears inferentially, however, from brief of counsel that the court was of opinion that plaintiff had not proved negligence on the part of the defendant.

We cannot accede to that proposition. We are impressed that negligence is a relative term depending upon the circumstances and exigencies of the particular case. *Morrison* v. *Power Co.*, 75 W. Va. 608, 84 S. E. 506. It has been defined: "The failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury." Cooley on Torts (3rd Ed.), Vol. 2, p. 1324. The evidence unequivocally discloses that the highway over which defendant was operating his automobile at the time of the collision was slippery; that he was proceeding down grade; that he attempted to drive to his left to pass another vehicle parked near the curb on his right, and that in so doing his automobile skidded to his left off the highway and onto the berm and cindered approach to the garage and

filling station. There is evidence that defendant was driving about 30 miles per hour when his car began to skid. There is also evidence that it appeared he applied his brakes as he attempted to pass the vehicle parked near the highway on his side of the road, and that caused his automobile to continue its skidding and to become unmanageable.

The mere fact that an automobile skids on the road is not evidence of negligence. But there was undisputed evidence that the highway was in a known slippery condition and defendant was on a slight descent. Numerous elements, including the presence of other vehicles, reasonably to be anticipated, are inherent in a consideration as to whether the manner of operating the automobile by defendant, under the circumstances, was negligent or inconsistent with reasonable care. This was a jury question. "In action for injuries in street collision, evidence that defendant, driving an automobile 25 miles per hour on an icy street, suddenly turned to the left to pass standing machine, when his machine skidded and struck plaintiff's automobile, which was almost halted, presents a jury question." *Nafziger* v. *Mahan,* (Mo.) 191 S. W. 1080. To the same effect, Blashfield, Cyclopedia of Automobile Law, Vol. I, p. 269.

"In determining whether one is guilty of negligence with reference to the rate of speed at which he operated his vehicle on a given occasion, the nature of the highway is a circumstance to be taken into consideration. If properly in issue, the condition or nature of the highway is a question of fact for the consideration of the jury in arriving at the conclusion whether or not the defendant was negligent, as, for instance, the slippery condition of the highway." Huddy, Cyclopedia of Automobile Law (9th Ed.), Vols. 17-18, p, 121.

For the foregoing reasons, we are of opinion that the trial court erred in setting aside the verdict and granting defendant a new trial. "Where there are conflicts in the evidence on which reasonably fair minded men might differ as to the proper conclusion of fact to be drawn from the evidence, the verdict of the jury is final and conclusive and both the trial court and the appellate court are powerless to dis-

turb it.'' *Southern Ry. Co.* v. *Johnson,* 151 Va. 345, 146 S. E. 363.

Where the controlling questions of fact are in sharp conflict and the weight and preponderance of such conflicting evidence is not clearly in favor of defendant, a verdict for plaintiff should not be set aside. *Wilson* v. *Amusement Co.,* 99 W. Va. 290, 128 S. E. 381. Of like import: *Coalmer* v. *Barrett,* 61 W. Va. 237, 56 S. E. 385.

We reverse the judgment of the trial court and enter judgment here on the verdict. *Reversed; judgment entered.*