JAMES CANN, Judge.
Claimant Farm Bureau Mutual Automobile Insurance Company seeks an award for the sum of $296.50, the amount it was obliged to pay for damages done to the automobile owned by Barbara Jane Hinchman, the co-claimant, under the provisions of a policy of insurance which it had issued to her, and the said claimant Barbara Jane Hinchman seeks an award for the sum of $50.00, which she was compelled to pay for said damages by reason of a fifty-dollar deductible clause contained in said policy. In other words, the damages complained of in this case amounted to $346.50, of which amount the insurance company was obliged to pay the sum of $296.50 and the said Barbara Jane Hinchman was obliged to pay the sum of $50.00. Claimant Farm Bureau Mutual Automobile Insurance Company presents its claim by reason *70 of a subrogation agreement executed by insured, said Barbara Jane Hinchman, and the co-claimant, to it, assigning to said company any claim which insured had against the state for the damages complained of in this case.
The facts in this case are substantially as follows. On the evening of the 28th day of February, 1949, about six thirty o’clock Robert L. Hinchman, a student at Davis and Elkins College, Elkins, West Virginia, was operating a 1939 Oldsmobile sedan owned by his wife, Barbara Jane Hinchman, on U. S. route 219-250, proceeding to his home in Beverly, Randolph county, West Virginia. He was proceeding northwest on the above mentioned route, and somewhere near the Elkins Country Club he began to travel upgrade, traveling about fifteen or twenty miles an hour. One Alvin Robinson Jack, also a student at said Davis and Elkins College, and a staff sergeant in the National Guard of West Virginia, was operating a jeep belonging to said National Guard, in the performance of his duties, picking up other members of the National Guard to bring them to the armory at Elkins. He had picked up one member at Beverly and was proceeding south to Elkins on U. S. Route 219-250. At the crest of the grade upon which Hinchman was traveling upgrade Jack negotiated a curve and began to proceed downgrade at a speed of about eighteen or twenty miles per hour, and after traveling about one third of the way down his jeep hit an icy spot on the highway and began to skid, which resulted in a collision between his jeep and the automobile driven by Hinchman, and causing considerable damage to the Hinchman automobile. Both Hinchman and Jack testified that it had previously snowed and that snowplows were out clearing the roads, leaving a thin film of snow or ice on the highway. At the time of the accident it was dark and the drivers of both vehicles were compelled to use their lights. Hinchman testified that he estimated that Jack was operaing his jeep at about the same speed that he (Hinchman) was operating his automobile, because, as he says, “He didn’t seem to be approaching me very fast.” (Record p. 11). Jack testified that after negotiating the curve at the crest of the grade he *71 “shoved” his car into second gear before proceeding downgrade, because, as he says, “The road was in bad condition and it was downgrade and I didn’t want any more speed than I could possibly control.” (Record p. 33). There is no denial of this fact in the record in this case.
At the beginning of this hearing counsel for claimant in his opening statement, after stating the facts on which he would rely, stated that their theory is that the driver of the jeep was negligent in the manner in which he operated his vehicle on the ice and snow on the highway in question. (Record p. 6). With this theory we cannot agree, for, from the facts presented to us, negligence of the driver of the jeep or of the respondent is not proven to the satisfaction of the court.
Negligence is defined by our Supreme Court of Appeals and competent text writers as follows:
“Three elements enter indispensably into the constitution of negligence in order to render it actionable, and without which there can be no recovery. * * * (1) A legal duty to use care. (2) A breach of that duty. (3) An injury or damage to the person or property in the natural and continuous sequence of events resulting from, or uninterruptedly connected with, the breach of that duty. Absence of intention, actual or constructive, to cause an injury or damage is, of course, also an element of negligence. But for all practical purposes its presence or absence may be ignored, since, in either case, if the other elements are present, the injury or damage is actionable regardless of intent, and not any the less or any the more actionable for lack or presence of intent. * * *” Law of Automobles, Michie’s Jurisprudence Va. and W. Va., Vol. 2, p. 528.
Considering the facts in this case, what do we have before us that we can rightly conclude that the respondent, or its agent, was guilty of such negligence as to create a moral obligation of the state arising from misconduct of its agents, *72 officers and employes, and which would. justify an award to claimants?
All witnesses in interest are in accord with the fact that the highway was covered with snow or ice. There is no dispute as to the speed in which both vehicles were travelling. No doubt both drivers were proceeding cautiously, having due regard to the condition of the road. Hinchman testified that he was proceeding at a speed of eighteen or twenty miles per hour and also says that Jack was travelling at about the same speed. Jack says that before proceeding downgrade near the scene of the accident, he placed his car in second gear as an added precaution. Who denies this? How can the driver of the jeep, travelling at a slow speed and in second gear, as an added precaution, be charged with lack of duty in using care in the operation of his jeep? Where is the breach of duty? As we see it, Jack was doing everything possible that was required of any driver of a motor vehicle under the circumstances. Can we say that the fact that he skidded on the highway, under the circumstances in this case, is evidence of negligence? We think not.
Judge Fox, in the case of Sigmon, admx. v. Mundy, 125 W. Va. 591, says:
“Assuming, as the jury must have assumed, that the taxicab did skid, does that, alone, necessarily convict its driver of negligence? We think not. ‘The mere fact that an automobile skids on the road is not evidence of negligence.’ Woodley v. Steiner, 112 W. Va. 356; Schade v. Smith, 117 W. Va. 703.”
Judge Fox further goes on to say:
“It is true, of course, that an automobile may skid without the slightest negligence on the part of its . driver. On the other hand, an automobile may be caused to skid by the negligence of the driver, and if established has the same consequences as to liability as negligence of any other character. The condition of the highway; the failure to take that *73 condition into account; the speed of the vehicle considering the condition of the road; and the use of breaks are all matters which can be taken into consideration in determining' the question of whether skidding was caused by some negligent act of the driver of a motor vehicle.” (Underscoring ours).
In the case of Woodley v. Steiner, 112 W. Va. 356, the syllabus as follows:
“Where the driver of an automobile in descending a hill on a highway which is in a slippery condition due to snowfall, attempts, without the exercise of due care, to pass a vehicle parked near the curb on his side of the highway and in so doing his car skids, becomes unmanageable and collides with an automobile of another on the berm of the highway on the latter’s side of the road, the driver may properly be held liable for damages to the car struck.” (Underscoring ours).
Although the facts in the case before us and the case last above cited are not similar, we quote the syllabus for the purpose of showing that the gist of the law stated is this important exception: “Without the exercise of due care.”
Judge Maxwell, in Woodley v. Steiner, supra, defines negligence as:
“The failure to observe, for the protection of the interests of another person, that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury.”
“A motorist finding himself in a place of danger, through no fault of his own, requiring him to act without time to consider the best means of avoiding danger, is not negligent in failing to adopt the best means, and is not required to exercise the same degree of care as one having ample opportunity for full exercise of his judgment. He is not guilty of negligence if he makes such choice as a person of ordinary prudence placed in such position might make, even though he did not make the wisest choice.” Michie’s Jurisprudence Vol. 2, p. 531.
*74 The evidence unequivocally discloses that the highway over which Jack and Hinchman were operating their respective motor vehicles at the time of the collision was slippery, or slippery in spots; that Jack was proceeding downgrade and Hinchman upgrade, both travelling at about the same speed — about eighteen or twenty miles per hour; that Jack was in second gear as an added precaution due to the condition of the road, and that he skidded on said highway, resulting in a collision between his jeep and the automobile driven by Hinchman, causing damages to the latter vehicle. Can we say that the skidding of Jack’s jeep which caused it to become unmanageable and collide with the Hinchman automobile was due to the lack of exercise of due care by Jack? Under the facts we believe not.
We find the state, and its agent, free from any negligence and therefore hold that negligence on the part of the state agency involved, or its agents, must be fully shown before an award will be made. This has not been done, and this claim is dismissed.