BONNIE JO BOURY, *etc., et al.*

*v.*

JOHN M. HAMM, *et al.*

(No. 12989)

Submitted May 2, 1972.      Decided June 21, 1972.

Rehearing Denied July 27, 1972.

*McCamic & McCamic, Jeremy C. McCamic, George S. Hazlett,* for appellants.

*Bachmann, Hess, Bachmann & Garden, Lester C. Hess, Jr., R. Noel Foreman,* for appellees.

CARRIGAN, JUDGE:

This civil action was instituted for recovery of damages for personal injuries sustained by the plaintiff, Bonnie Jo Boury, in an accident which occurred while she was traveling as a passenger in a car driven by the defendant, John Hamm. The father of Bonnie Jo Boury brought the action on her behalf as parent and next friend, and also on his own behalf, seeking recovery for her medical expenses. The father of John Hamm was made party defendant, he being the owner of the car.

After trial in the Circuit Court of Ohio County, in which the jury found for the defendants, plaintiffs moved to set aside the jury verdict and to grant them a new trial. This motion was overruled and judgment was entered in favor of defendants. From that final judgment the plaintiffs prosecute this appeal.

On August 25, 1964, between 8:00 and 9:00 p.m., Bonnie Jo Boury was riding in the front seat of a 1960 Oldsmobile convertible driven by her date, John Hamm. In the back seat of the car was another couple with whom they were double dating. Early in the evening the four had stopped at a Wheeling drive-in restaurant for a snack and were thereafter proceeding east on National Road towards Elm Grove. It had been raining earlier in the day and was continuing to rain as the car proceeded towards the scene of the accident. The passengers in the car were the only witnesses to the accident and all testified that the car was being driven at a speed less than 35 miles per hour; that the headlights were on and the windshield wipers were operating. A traffic light caused the defendant driver to apply his brakes slightly at the top of a small hill and as the car proceeded downgrade it began to slide to the left. The defendant driver testified that thereupon he turned the front wheels to the left, but the car failed to correct itself from "fish-tailing," proceeding for about ten yards, then striking a utility pole which was located immediately adjacent to the highway. The driver, John Hamm, and the plaintiff, Bonnie Jo Boury, were thrown from the driver's side of the car, suffering injuries which required their hospitalization.

The passengers testified that the car had not skidded when stopping at previous traffic lights. As to the light in question, the driver testified: ". . . I applied my brakes and [sic] what I considered a normal manner, especially for those road conditions they were power brakes, and with power brakes, if you jump them they might lock, but I eased the brakes and then eased them again, and,

if I recall, when I eased them the second time, the rear of the car began to spin to the left, . . . ."

None of the passengers testified that the defendant John Hamm was operating the car other than reasonably and prudently in considering the weather and condition of the highway, nor was there any evidence that the automobile was not in good mechanical condition nor that the tires were not well-treaded. The jury was taken for a view of the accident scene, and had the benefit of this view in relation to the location of the traffic lights, the grade of the road and other physical features of the scene of the accident.

The trial court gave a charge to the jury as distinguished from the giving of separate instructions. Plaintiffs objected to certain parts of this charge, and in seeking reversal on this appeal assign as error the action of the trial court in overruling the aforesaid objections. Plaintiffs' assignments of error will be considered with particularity as follows:

> *First*: That the circuit court erred in not granting the plaintiffs' motion for a directed verdict on the issue of liability or in not instructing the jury to find for plaintiffs.

On this appeal, plaintiffs contend that defendant driver was prima facie negligent for certain alleged violations of traffic regulations contained in Chapter 17C of the Code of West Virginia. The record before us fails to show that this issue was raised or passed upon by the circuit court, and therefore will not be considered here.

> "In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken." Point 1, Syllabus, *Mowery v. Hitt, et al.,* 155 W.Va. 103, 181 S.E.2d 334 (1971). Also, Point 1, Syllabus, *Bank of Wheeling v. Morris Plan Bank & Trust Co.,* 155 W.Va. 245, 183 S.E.2d 692 (1971).

A review of the record before us shows that there was a factual issue as to negligence of the driver which was an issue for determination by the jury. The trial court therefore acted properly in not directing a verdict for plaintiffs and in not instructing the jury to find for plaintiffs.

> *Second:* That the circuit court erred in including in its charge the defense theory that an automobile may skid without the slightest negligence on the part of the driver.

The mere fact that an automobile skids on the road is not alone evidence of negligence on the part of the driver. *Sigmon v. Mundy*, 125 W.Va. 591, 25 S.E.2d 636 (1943); *Woodley v. Steiner*, 112 W.Va. 356, 164 S.E. 294 (1932).

That part of the charge dealing with the skidding reads as follows:

> "The Court instructs the jury that under the law of the State of West Virginia the mere fact that an automobile skids on a highway is not evidence of negligence, and that an automobile may skid without the slightest negligence on the part of its driver. On the other hand, the Court further instructs the jury that an automobile may be caused to skid by the negligence of the driver, and if this is established by a preponderance of evidence it has the same consequences as to liability as negligence of any other character; you may consider that the condition of the highway; the failure to take that condition into account; the speed of the vehicle considering the condition of the road; and the use of brakes are all matters which can be taken into consideration in determining the question of whether skidding was caused by some negligent act of the driver of a motor vehicle.
>
> "Therefore the Court instructs the jury that the plaintiffs have the burden of proving by a preponderance of the evidence that the defendant John M. Hamm failed to consider the condition of the highway when he applied his brakes preparatory to stopping at the intersection of

Romney Road and U. S. Route 40; &/or failed to operate his automobile at a reasonable speed considering the condition of U. S. Route 40; &/or failed to apply his brakes in a careful and prudent manner, and that such failure or failures proximately caused the accident described in the evidence. Therefore if you believe that the plaintiff has failed to prove by a preponderance of the evidence that the defendant John M. Hamm failed to consider the condition of the highway when he applied his brakes preparatory to stopping at the intersection of Romney Road and U. S. Route 40; &/or failed to operate his automobile at a reasonable speed considering the condition of U. S. Route 40; & or failed to apply his brakes in a careful and prudent manner, then you may return a verdict in favor of the defendants."

Plaintiffs' objection before the trial court to this portion of the charge, and the overruling thereof, assigned as error in his motion for a new trial, went only to the first sentence in the above-quoted language. This objection goes only to an isolated part of the charge dealing with skidding, while a reading of the entire above-quoted paragraph points out that skidding may also be caused by driver's negligence and correctly states the law.

In seeking reversal by this Court plaintiffs cite the violation of the traffic laws contained in Chapter 17C, in that the automobile skidded *off* the highway, and therefore there was prima facie negligence of the driver which would make the above-quoted part of the charge improper. This point was not raised before the trial court, and therefore will not be considered on appeal. See *Bank of Wheeling v. Morris Plan Bank & Trust Co., supra,* and *Mowery v. Hitt, supra.*

*Third:* That the court erred in including in its charge the defense theory of unavoidable accident and further erred in making the instruction regarding same a binding instruction.

Before the trial court plaintiffs merely objected to the unavoidable accident part of the charge on the ground that under the facts of the case this was not proper.

The part of the charge on the unavoidable accident theory from the original record reads as follows:

"Now you are also instructed that an unavoidable or inevitable accident is such an occurrence or happening as, under all the attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury to any of the parties concerned. In other words, where there is no evidence that the operator of the motor vehicle was negligent in anyway, or that he could have anticipated the resulting accident, the accident is deemed to have been an unavoidable or inevitable one for which no recovery may be had.

"Therefore, if you believe from evidence that the defendant John M. Hamm in the exercise of ordinary care and under all the attendant circumstances and conditions could not have foreseen or anticipated that the Oldsmobile automobile he was driving would slide on the highway and into a utility pole, & you do not believe he was guilty of any negligence proximately causing its accident then the accident is deemed to be unavoidable and your verdict should be for the defendants."

An objection to the binding nature of this instruction was not made in the trial court but was first raised in this Court on plaintiffs' second application for writ of error and therefore, as previously stated, will not be considered on this appeal. *Bolling v. Clay,* 150 W.Va. 249, 144 S.E.2d 682 (1965), approved the giving of an unavoidable accident instruction under certain circumstances. While *Hollen v. Linger,* 151 W.Va. 255, 151 S.E.2d 330 (1966), found that an unavoidable accident instruction was not properly given under the facts of that case, yet it further referred to *Bolling v. Clay, supra,* as

correctly stating the rule on this instruction. The case of *Hollen v. Linger, supra,* also quotes the following as a definition of an unavoidable accident:

> "In 7 Am. Jur. 2d, Automobiles and Highway Traffic, Section 350, the text contains this pertinent language: 'An unavoidable or inevitable accident is such an occurrence or happening as, under all attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned. In other words, where there is no evidence that the operator of the motor vehicle was negligent in any way, or that he could have anticipated the resulting accident, the accident is deemed to have been an unavoidable or inevitable one for which no recovery may be had. However, the issue of unavoidable or inevitable accidents is not raised when there is no evidence tending to prove that the accident resulted from some cause other than the negligence of one of the parties.' "

This is almost verbatim the instruction on unavoidable accident given by the trial court in this case, and was therefore a proper statement of the law.

There is no testimony in the present case showing John M. Hamm guilty of any negligence or that he could have anticipated the resulting accident. Under the evidence presented we find that the unavoidable accident part of the charge was properly given.

> *Fourth*: That the circuit court erred in failing to instruct the jury, as requested by plaintiffs, on the plaintiffs' theory that defendant, John M. Hamm, failed to keep a proper lookout.

There is not a scintilla of evidence in this case to show that defendant driver was not keeping a proper lookout. The testimony was that the driver was looking ahead down the highway and all four occupants of the car observed the traffic light ahead of them and saw an automobile preceding them go through a red light. Upon the evidence it would have been improper for the trial

court to have given this instruction, and thus error was not committed in its refusal.

> *Fifth*: That the circuit court erred in the charge by repeatedly instructing the jury as to the burden of the plaintiffs to prove by a preponderance of the evidence that the defendant, John M. Hamm, was guilty of negligence proximately causing the accident, the cumulative effect of which was prejudicial to the plaintiffs.

It is a well-established rule of law that in civil actions the party seeking relief must prove his right thereto by a' preponderance of the evidence. A reading of the entire charge given by the trial court does not lead to the conclusion that undue emphasis was given to the requirement that plaintiffs must prove their case by a preponderance of the evidence.

For the foregoing reasons, the judgment of the Circuit Court of Ohio County is affirmed.

*Affirmed.*

Judge Haymond did not participate in the consideration or decision of this case.