McCROSKEY v GENE DEMING MOTOR SALES, INC

Docket No. 78-2171. Submitted June 14, 1979, at Grand Rapids.—
Decided December 18, 1979. Leave to appeal applied for.

Jerry S. McCroskey died in an automobile collision when another
vehicle, driven by Kevin M. Gallentine, over which Gallentine
lost control on wet pavement, crossed the center line and
entered the path of the McCroskey automobile. Joy D. Mc-
Croskey, executrix of Jerry's estate, brought a wrongful death
action against Gene Deming Motor Sales, Inc., Kevin M. Gal-
lentine, and Daniel, Leo and Geraldine Manier, doing business
as Honest Lee's Used Cars. Defendant Gallentine was driving
the automobile with the express consent of Honest Lee's Used
Cars (owned by the Manier defendants), having obtained per-
mission to take the car over the weekend preceding the fatal
crash in order to check it out prior to purchase. A dealer
license plate belonging to defendant Deming was affixed to the
automobile. Summary judgment in favor of defendant Gene
Deming Motor Sales, Inc., Wexford Circuit Court, Walter F.
Ransom, J. Plaintiff appeals. *Held:*

The Deming dealer plate was loaned to Honest Lee's on
August 14, 1974. Thereafter, on August 29, 1974, a letter was
sent to Honest Lee's requesting return of the plate. On Septem-
ber 30, 1974, a second letter was sent demanding return of the
plate. Apparently no attempt was made by Deming to go and
pick up the plate. In addition Deming testified that he made
unanswered phone calls to Honest Lee's and to the Leo Manier
residence. The fatal accident occurred on October 14, 1974.
Summary judgment is improper where reasonable minds could
differ on the resolution of factual issues. Reasonable men could
differ as to whether Deming complied with the due diligence
requirement. Summary judgment should not have been
granted.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 131, 369.
  8 Am Jur 2d, Automobiles and Highway Traffic § 603.
[2] 73 Am Jur 2d, Summary Judgment § 27.

1. AUTOMOBILES — AUTOMOBILE DEALERS — DEALER LICENSE PLATES
   — RETURN OF PLATES — DUE DILIGENCE — QUESTIONS OF FACT
   — STATUTES.

   A statute requires that an automobile dealer use due diligence to
   procure the return of its dealer license plates within 72 hours
   following the sale of an automobile or be guilty of a misde-
   meanor; where the vendee of a motor vehicle with dealer
   license plates was involved in an accident which resulted in an
   action for damages and reasonable men could differ as to
   whether the dealer complied with the 72 hour due diligence
   mandate a question of fact arises concerning not only due
   diligence but, if the jury finds a lack of due diligence, then the
   further and more difficult questions of proximate cause and
   reasonable foreseeability of consequences should be decided to
   resolve the ultimate question of liability (MCL 257.244[f]; MSA
   9.1944[f]).

2. JUDGMENT — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM —
   REASONABLE MINDS — FACTUAL ISSUES.

   Summary judgment is improper where reasonable minds could
   differ on the resolution of factual issues.

*McCroskey, Libner, VanLeuven, Feldman, Kort-ering, Cochrane & Brock, P.C.,* for plaintiff.

*Sommers, Schwartz, Silver & Schwartz, P.C.,* for defendant.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

M. J. KELLY, J. Plaintiff, Joy D. McCroskey, appeals from the trial court's grant of summary judgment in favor of defendant, Gene Deming Motor Sales, Inc., in this wrongful death action. Plaintiff's decedent died on October 14, 1974, in an automobile collision when defendant driver, Kevin M. Gallentine, lost control of his car on wet pave-ment, crossed the center line, and entered the path of the oncoming McCroskey vehicle.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant Gallentine was driving a 1966 Chevrolet automobile with the express consent of Honest Lee's Used Cars (owned by the Manier defendants), having obtained permission to take the car over the weekend preceding the fatal crash in order to "check it out" prior to purchase. A dealer license plate belonging to defendant Deming was affixed to the automobile. The circumstances which gave rise to Deming's dealer plate being on a car owned by Honest Lee's and driven by Gallentine are the subject of this appeal. Although there has been no trial, extensive discovery was taken.

The deposition of F. Russell Reeder, a salesman for Deming, indicated that Honest Lee's had purchased four automobiles from Deming in mid-August, 1974; the 1966 Chevrolet involved in this accident was *not* one of them. On August 14, 1974, when Leo and Daniel Manier went to Cadillac to pick up two of the vehicles, Reeder was asked by one of the Maniers if a Deming dealer plate could be borrowed in order to get one of the cars back to Baldwin, Michigan. Reeder replied, "Well, I guess you can, providing you get it back to us right away". When the license plate was not returned, Reeder sent a letter to Honest Lee's dated August 29, 1974, requesting its return. When no response was forthcoming, a second letter, dated September 30, 1974, was sent demanding that the plate be returned. The record does not reveal the distance between Cadillac and Baldwin, but we take judicial notice of the fact that it is a relatively short distance. Apparently no attempt was made by Deming to go and pick up the plate. In his deposition Mr. Eugene Deming stated that he phoned Honest Lee's place of business and the Leo Manier residence on two separate occasions with regard to obtaining the return of the plate, but that neither

of the calls was completed because there was no answer either time.

On Saturday, October 12, 1974, Gallentine went to Honest Lee's with the intention of trading in his car for the 1966 Chevrolet. Leo Manier (presumably "Honest Lee") suggested that he take the car for the weekend and attached Deming's dealer plate. The fatal crash occurred on October 14th, the following Monday, two months after the plate was borrowed.

Both parties concede that the disposition of this case turns upon whether or not the case of *Wieland v Kenny,* 385 Mich 654, 657-658; 189 NW2d 257 (1971), controls. In *Wieland,* the plaintiff was injured in a collision with an automobile driven and owned by defendant Kenny, an uninsured driver. Plaintiff sued both defendant driver and defendant's employer, a used car dealer. The evidence indicated that defendant dealer allowed his employees, including the defendant driver, regular access to his automobile dealer plates for their personal use. The Court held that the defendant dealer was estopped to deny that the automobile driven by Kenny was owned by the dealership due to his "flagrant" violation of MCL 257.256; MSA 9.1956, which provides:

"No person shall lend to another any certificate of title, registration certificate, registration plate, special plate, or permit issued to him if the person desiring to borrow the same would not be entitled to the use thereof, nor shall any person knowingly permit the use of any of the same by one not entitled thereto, nor shall any person carry or display upon a vehicle any registration certificate or registration plate, not issued for such vehicle or not otherwise lawfully used thereon under this act. Any violation of this section is a misdemeanor."

In so holding, the Court stated:

"*   *   * this dealer's course of conduct was not confined to an isolated transaction. It enabled some if not all of the dealer's employees to flaunt MCLA § 257.256 *   *   * regularly and make of all participants law breakers by habit. It served for the case of this plaintiff's negligently inflicted injuries to put upon the road an ancient motor vehicle, *   *   * a motor vehicle which upon these evidentiary facts could not have been licensed save as an 'historic' or 'antique' vehicle *   *   * and then only upon showing by affidavit that it 'has been inspected and found safe to operate on the highways in the state' *   *   *".

*   *   *

"All this considered, we cannot hear him or anyone else on behalf of the defendant dealership say there was no causal connection between the aforesaid statutory violation and the plaintiff's sustained injuries." (Citations omitted.)

Our review of the facts persuades us that *Wieland* is distinguishable from the instant case. Defendant Deming loaned Manier the license plate for the limited purpose of driving a newly purchased automobile to Baldwin, Michigan. This is a proper use of the license plate under MCL 257.244(f); MSA 9.1944(f), which states in part:

"(f) Upon the sale of a vehicle *   *   * the vendee shall be permitted to operate the vehicle upon the public highways for a period not to exceed 72 hours after taking possession thereof, but during such period the vehicle shall have attached thereto the dealer plate as provided in this section. *   *   * the dealer and the vendee shall be jointly responsible for the return of the dealer plate to the dealer within the period of 72 hours, and the failure of the vendee to return or the vendor to use due diligence to procure the dealer plate shall constitute a misdemeanor, and in addition thereto the license of the dealer may be revoked."

Therefore, we are not presented here with an improper loan of the dealer plate or continued improper use of the plate with the dealer's knowledge and consent as in *Wieland*. However, Deming's conduct raises a question of fact as to its compliance with the statutory mandate that it exercise due diligence in seeking return of the borrowed plate within 72 hours. Deming's efforts to procure the plate consisted of a letter dated August 29, 1974, requesting its return, a second letter dated September 30, 1974, demanding its return, and two unanswered phone calls. It hardly requires citation that a violation of a statute is negligence per se and questions of proximate cause, including questions of foreseeable consequences, are questions for the trier of fact. *Moning v Alfono*, 400 Mich 425; 254 NW2d 759 (1977).

If defendant Deming's course of conduct failed to meet the statutory requirement of due diligence, an easily justifiable conclusion for a trier of fact, the further and more difficult questions of proximate cause and reasonable foreseeability must be addressed and decided by the trier of fact to resolve the ultimate question of liability.

The test for granting a summary judgment for defendant as set forth in *Davis v Thornton*, 384 Mich 138; 180 NW2d 11 (1970), has not been satisfied here; reasonable minds could differ on resolution of these factual issues. Consequently, the trial court's grant of summary judgment is reversed and the case remanded for trial.

Reversed and remanded.