551 S.E.2d 663

**Darlene GILLINGHAM and Carl Bumgardner, Plaintiffs Below, Appellants,**

v.

**Albert H. STEPHENSON, Defendant Below, Appellee,**

and

**Amber Goddard, David Goddard and Carrie Goddard, Individually, and Carrie Goddard, Mother, Natural Guardian and Next Friend, Plaintiffs Below,**

v.

**Ronald G. Taylor and Albert Stephenson, Defendants Below.**

No. 28852.

Supreme Court of Appeals of West Virginia.

Submitted June 6, 2001.

Decided July 2, 2001.

Dissenting Opinion of Chief Justice McGraw July 6, 2001.

Dissenting Opinion of Justice Starcher July 10, 2001.

---

James G. Bordas, Jr., James B. Stoneking, Christopher J. Regan, Bordas, Bordas & Jividen, Wheeling, for Appellants.

Jeffrey A. Holmstrand, Jennifer A. Keadle, McDermott & Bonenberger, Wheeling, for Appellee.

Jackson & Kelly, Wheeling, for Defendant Taylor.

PER CURIAM.

This is an appeal by Darlene Gillingham and Carl Bumgardner, appellants/plaintiffs below (hereinafter referred to as Ms. Gillingham and Mr. Bumgardner), from an adverse jury verdict rendered in the Circuit Court of Ohio County. Ms. Gillingham and Mr. Bumgardner filed a negligence action against Albert H. Stephenson, appellee/defendant below (hereinafter referred to as Mr. Stephenson), as a result of injuries and damages sustained in an automobile accident. The action was bifurcated. The issue of liability was tried first. The jury returned a verdict finding no liability. Ms. Gillingham and Mr. Bumgardner now appeal and assign as error: (1) the trial court's denial of their pre-verdict motion for judgment as a matter of law, (2) the trial court's denial of their motion for new trial, and (3) two jury instructions given by the trial court. After reviewing the briefs and the record, we affirm the circuit court's judgment.

## I.

### FACTUAL AND PROCEDURAL HISTORY

During the early evening hours of December 5, 1997, Ms. Gillingham and Mr. Bumgardner were riding in a pickup truck owned by Ms. Gillingham and driven by Mr. Bumgardner. Ms. Gillingham and Mr. Bumgardner were proceeding along Route 2 in Benwood, West Virginia. They came upon several vehicles that were blocking the road because of an accident.[1] Mr. Bumgardner was able to stop the pickup truck in the right hand lane without incident.[2] Shortly thereafter Ms. Gillingham and Mr. Bumgardner were rear-ended by a van driven by Mr. Stephenson. As a result of the collision, Ms. Gillingham and Mr. Bumgardner sustained numerous injuries and the total loss of the pickup truck.

On February 27, 1998, Ms. Gillingham and Mr. Bumgardner filed separate actions against Mr. Stephenson. The two actions were consolidated for trial.[3] The consolidated actions proceeded with the issues of liability and damages being bifurcated. Liability was tried before a jury on January 5, 2000. Ms. Gillingham and Mr. Bumgardner moved for judgment as a matter of law at the close of all the evidence. The trial court denied the motion and submitted the case to the jury. The jury returned a verdict finding no liability against Mr. Stephenson. On Janu-

---

1. Snow had been falling and icy conditions existed.

2. Route 2 is a divided two lane highway.

3. Mr. Stephenson filed a counterclaim against Mr. Bumgardner and brought a third-party action against another defendant. Those causes of action were apparently resolved and are not before this Court.

ary 7, 2000, Ms. Gillingham and Mr. Bumgardner moved for post-trial judgment as a matter of law or, alternatively, a new trial. The post-trial motions were denied by order dated April 17, 2000. It is from this order that Ms. Gillingham and Mr. Bumgardner now appeal.

## II.

## STANDARD OF REVIEW

Ms. Gillingham and Mr. Bumgardner contend that the trial court committed error in (1) denying their pre-verdict motion for judgment as a matter of law, (2) denying their motion for new trial, and (3) giving two jury instructions submitted by Mr. Stephenson.

■■■ Ms. Gillingham and Mr. Bumgardner filed motions for judgment as a matter of law at both the pre-verdict and post-verdict stage of the proceedings below. Before this Court, they argue generally that the circuit court erred by not granting their motion for judgment as a matter of law, and make only one reference indicating the particular motion to which they are referring. That reference requested relief from the circuit court's denial of their *pre*-verdict motion. Consequently, we treat their first assignment of error as challenging the circuit court's ruling denying their pre-judgment motion.[4] This distinction, however, is not crucial to our analysis as the standard for reviewing the circuit court's rulings on pre-verdict and post-verdict motions for judgment as a matter of law is identical. *See Barefoot v. Sundale Nursing Home*, 193 W.Va. 475, 481–82 n. 6, 457 S.E.2d 152, 158–59 n. 6 (1995) ("The standard for granting a judgment notwithstanding the verdict is the same as for a directed verdict.") We apply a *de novo* standard of review to the grant or denial of a pre-verdict or post-verdict motion for judgment as a matter of law. After considering the evidence in the light most favorable to the nonmovant party, we will sustain the granting or denial of a pre-verdict or post-verdict motion for judgment as a matter of

law when only one reasonable conclusion as to the verdict can be reached. *See* Syl. pt. 3, *Brannon v. Riffle*, 197 W.Va. 97, 475 S.E.2d 97 (1996).

In *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995), this Court addressed the issue of the standard of review of a trial court's ruling on a motion for new trial. *Tennant* stated:

> We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Tennant*, 194 W.Va. at 104, 459 S.E.2d at 381.

■■■ As to the standard of review on the issue of jury instructions, this Court has held that:

> The formulation of jury instructions is within the broad discretion of a circuit court, and a circuit court's giving of an instruction is reviewed under an abuse of discretion standard. A verdict should not be disturbed based on the formulation of the language of the jury instructions so long as the instructions given as a whole are accurate and fair to both parties.

Syl. pt. 6, *Tennant*. However, "our review of the legal propriety of the trial court's instructions is *de novo*." *Skaggs v. Elk Run Coal Co., Inc.*, 198 W.Va. 51, 63, 479 S.E.2d 561, 573 (1996) (citation omitted).

## III.

## DISCUSSION

### A. Pre-verdict Motion for Judgment as a Matter of Law

■ Ms. Gillingham and Mr. Bumgardner moved for pre-verdict judgment as a matter of law. The trial court denied the motion. Rule 50(a) of the West Virginia Rules of Civil Procedure authorizes a party to move for

---

4. Contrary to our conclusion, Mr. Stevenson has interpreted Ms. Gillingham's and Mr. Bumgardner's argument as one challenging the circuit court's ruling as to their *post*-verdict motion. As

explained above, this distinction is not significant since our standard of review is the same for pre-verdict and post-verdict rulings on a motion for judgment as a matter of law.

pre-verdict judgment as a matter of law. However, our cases have held that in evaluating a request for judgment as a matter of law "all reasonable doubts and inferences should be resolved in favor of the party against whom the verdict is asked to be directed." Syl. pt. 5, *Wager v. Sine,* 157 W.Va. 391, 201 S.E.2d 260 (1973). We have also ruled that " '[w]here the evidence given on behalf of defendant is so clearly insufficient to support a verdict for him that such verdict, if returned by the jury, must be set aside, and the evidence in support of plaintiff's claim is clear and convincing, it is the duty of the trial court, when so requested, to [grant judgment as a matter of law] for the plaintiff.' Syl. pt. 4, *Vaccaro Brothers & Company v. Farris,* 92 W.Va. 655, 115 S.E. 830 (1923)." Syl. pt. 2, *Adkins v. City of Hinton,* 149 W.Va. 613, 142 S.E.2d 889 (1965).

■ In the instant case, Ms. Gillingham and Mr. Bumgardner contend that they presented evidence to show that Mr. Stephenson negligently violated motor vehicle safety statutes, thus causing the accident. Specifically, they contend that their evidence established that Mr. Stephenson violated W. Va.Code § 17C–6–1, by driving at speed in excess of what was reasonable; that he violated W. Va.Code § 17C–7–10, by following too closely; and that he violated W. Va.Code § 17C–6–1, by failing to maintain control of his vehicle. This Court has held that a "[v]iolation of a statute is prima facie evidence of negligence." Syl. pt. 1, in part, *Anderson v. Moulder,* 183 W.Va. 77, 394 S.E.2d 61 (1990). "A *prima facie* case of actionable negligence is that state of facts which will support a jury finding that the defendant was guilty of negligence which was the proximate cause of plaintiff's injuries[.]" Syl. pt. 6, in part, *Morris v. City of Wheeling,* 140 W.Va. 78, 82 S.E.2d 536 (1954).

Three witnesses were called during the case-in-chief. There was testimony by both Ms. Gillingham and Mr. Bumgardner. They also called Mr. Stephenson during the case-in-chief. The testimony by Ms. Gillingham and Mr. Bumgardner revealed that they were able to safely stop the vehicle without incident. Mr. Stephenson was unable to stop and ran into them. Ms. Gillingham and Mr. Bumgardner further assert that there was also testimony by other witnesses (called by Mr. Stephenson) that showed these witnesses were able to stop at the accident scene without incident. Ms. Gillingham and Mr. Bumgardner also assert that testimony by one of the investigating officers (called by Mr. Stephenson) indicated the accident report clearly demonstrates that Mr. Stephenson[5] failed to maintain control of his vehicle.

■ In contrast, Mr. Stephenson points out that "[t]he *prima facie* presumption of negligence created upon violation of a traffic statute or safety regulation may be rebutted by evidence tending to show that the person violating the statute did what might reasonably have been expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." Syl. pt. 3, *Waugh v. Traxler,* 186 W.Va. 355, 412 S.E.2d 756 (1991). Accordingly, Mr. Stephenson contends that his evidence was sufficient to show that he acted reasonably under the circumstances.

Mr. Stephenson testified that he unexpectedly came upon "black ice," which caused him to lose control of his vehicle. Mr. Stephenson testified as follows when questioned on direct examination by counsel for Ms. Gillingham and Mr. Bumgardner:

Q. In other words, at the time before the accident, your testimony here today to this jury, to this Court, is that you didn't notice that the roadway was icy at any point?

A. I didn't know there was ice, like iced up or black ice as we talk about later.

Q. Did you notice a glare on the roadway at any time before the wreck?

A. It seemed like, immediately before the wreck, I saw what I thought was —— was a glare of ice. But it could have been just wetness.

Mr. Stephenson called an investigating police officer, Glenn H. Cramer, who testified that he did not issue a citation as a result of the accident.[6] Officer Cramer testified on redirect examination as follows:

---

5. The officer was called to the stand by Mr. Stephenson.

6. Officer Cramer testified that in his accident report he checked off a box showing failure to maintain control by Mr. Stephenson.

Q. Officer, during the course of your investigation, I think you testified that you observed the vehicles at the scene, observed the conditions of the roads; they looked wet, but they were icy. I believe you testified that you observed the damage to the vehicles?

A. That's correct.

Q. And after all you investigated, completed your investigation, did you determine whether you believed that, based on your investigation, that any citations were warranted?

A. Based on my investigation, no citations were warranted.

Mr. Stephenson called a witness, Elizabeth Ann Dumas, who testified to losing control of her vehicle and sliding into his van.[7] Three other witnesses, Arthur Brown, John David Marl, and George Stewart, were also called by Mr. Stephenson and each testified to sliding on the roadway before being struck by other vehicles.[8]

In this Court's examination of the relevant evidence, we find no error in the trial judge's decision to deny the pre-verdict motion made by Ms. Gillingham and Mr. Bumgardner for judgment as a matter of law. Clearly, to the extent that Ms. Gillingham and Mr. Bumgardner established a prima facie case of negligence in violating traffic statutes, the evidence submitted by Mr. Stephenson rebutted that prima facie case and made the issue one for jury resolution.

### B. Motion for New Trial

Ms. Gillingham and Mr. Bumgardner also assign error to the trial court's denial of their motion for new trial. This Court has held that "[a]lthough the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. pt. 4, *Sanders v. Georgia–Pacific Corp.*, 159

W.Va. 621, 225 S.E.2d 218 (1976). We held in syllabus point 5 of *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983), that:

In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

Ms. Gillingham and Mr. Bumgardner state that they were entitled to a new trial because the evidence established that Mr. Stephenson "made a deliberate choice to ignore the hazards" of the roadway and drove at a speed that was excessive for the conditions then existing. We disagree. The evidence submitted by Ms. Gillingham and Mr. Bumgardner established that they were able to safely stop their vehicle. In contrast, the evidence presented by Mr. Stephenson established that it was difficult for anyone to clearly know that black ice was on the roadway. Consequently, numerous drivers lost control of their vehicles and collided. The jury could fairly determine from the numerous witnesses called by Mr. Stephenson that it was merely a matter of luck as to which vehicles were able to stop and which vehicles were unable to stop. Indeed, the evidence demonstrated that this was a multi-vehicle collision incident that was attributed to the deceptive nature of black ice, not deliberate indifference to road conditions by the drivers. We therefore find no error in the trial judge's denial of the motion for a new trial.

### C. Jury Instructions

Finally, Ms. Gillingham and Mr. Bumgardner assign error to two jury instructions

---

7. Ms. Gillingham and Mr. Bumgardner contend that Ms. Dumas was able to stop her vehicle after causing minor damage from sliding into a wall. However, a review of Ms. Dumas' testimony reveals that she in fact slid into Mr. Stephenson's vehicle.

8. Ms. Gillingham and Mr. Bumgardner rely upon these witnesses to show that they were able to stop their vehicles without hitting anyone. However, a review of their testimony indicates that, while they did stop their vehicles, each witness was struck by other vehicles.

given by the trial court. We examine each instruction separately.

**1. Instruction on foreseeability.** During the trial judge's charge to the jury the following instruction was given:

The court instructs the jury that negligence requires a foreseeable risk of danger of injury and conduct unreasonable in proportion to the danger. If a person cannot reasonably foresee any injury as a result of one's act, or if one's conduct was reasonable in light of what one could anticipate under existing circumstances there is no negligence.

Ms. Gillingham and Mr. Bumgardner objected to the instruction on foreseeability. They contend that, because their claim of negligence was premised on the violation of traffic statutes, foreseeability was not an issue. Specifically, they argued in their brief that "the legislature has already determined the standard of care and has already determined that conduct violating the standard of care creates a foreseeable risk of harm to those using the public highways."

 Ms. Gillingham and Mr. Bumgardner cite a number of cases from other jurisdictions to support their contention that foreseeability is not an element of proof in a negligence action premised upon the violation of a statute. We agree with Mr. Stephenson that those cases are inapplicable. For example, Ms. Gillingham and Mr. Bumgardner cite to *Taft v. Derricks,* 235 Wis.2d 22, 613 N.W.2d 190 (2000), wherein that court held that foreseeability was not an element in an action based upon the violation of a statute. However, Mr. Stephenson has correctly pointed out that *Taft* dealt with a statutory violation that constituted negligence per se. In West Virginia a "violation of a statute is prima facie negligence and not negligence per se." *Spurlin v. Nardo,* 145 W.Va. 408, 415, 114 S.E.2d 913, 918 (1960). *See Waugh v. Traxler,* 186 W.Va. 355, 358, 412 S.E.2d 756, 759 (1991).[9]

Additionally, in order to support their theory that foreseeability is not an element of proof when negligence is premised on the violation of a statute, Ms. Gillingham and Mr. Bumgardner have cited to language from our decision in *Haddox v. Suburban Lanes, Inc.,* 176 W.Va. 744, 349 S.E.2d 910 (1986). *Haddox* did not involve a claim of violation of a statute. In *Haddox* a patron of a bowling alley was injured in a shooting incident that occurred at the bowling alley. The patron sued the bowling alley's owner. The circuit court entered summary judgment in favor of the owner. On appeal, this Court affirmed summary judgment concluding that the owner could not have foreseen the patron's injuries. The *Haddox* Court discussed the issue of foreseeability in broad terms. The Court noted that " '[w]here a course of conduct is not prescribed by a mandate of law, foreseeability of injury to one to whom duty is owed is the very essence of negligence.' " *Haddox,* 176 W.Va. at 748, 349 S.E.2d at 914 (quoting *Matthews v. Cumberland Allegheny Gas Co.,* 138 W.Va. 639, 653, 77 S.E.2d 180, 188 (1953)). Ms. Gillingham and Mr. Bumgardner have seized upon the latter quoted language from *Haddox* to argue that foreseeability was not an element of proof in their case.

In neither *Haddox* nor *Matthews* did this Court explain the role of foreseeability in a case premised on the violation of a statute. We therefore agree with Mr. Stephenson that *Haddox* did not preclude foreseeability from an action based upon the violation of a statute. This conclusion is supported by the decision in *Pitzer v. M.D. Tomkies & Sons,* 136 W.Va. 268, 67 S.E.2d 437 (1951).

 *Pitzer* was an action brought to recover damages stemming from an injury to a child employed in violation of labor law statutes. The child was struck by a vehicle while delivering groceries for the defendant. The plaintiff prevailed at trial. The defendant

---

9. We also agree with Mr. Stephenson that the additional cases from other jurisdictions cited by Ms. Gillingham and Mr. Bumgardner on the issue of foreseeability have been mischaracterized and are inapplicable. *See State ex rel. Miller v. DeCoster,* 596 N.W.2d 898 (Iowa 1999) (strict liability claim); *Jackson v. Montana,* 287 Mont.

473, 956 P.2d 35 (1998) (language in concurring opinion cited by Ms. Gillingham and Mr. Bumgardner did not stand for the proposition claimed); *Harris v. Sanders,* 142 Or.App. 126, 919 P.2d 512 (1996) (independent statutory, not common law based, cause of action).

appealed. On appeal the defendant contended, among other things, that the vehicle which struck the child was an intervening act that absolved the defendant of its negligence in employing the child. This Court rejected the argument. In doing so, we held in Syllabus point 3 of *Pitzer* that "[a] failure to obey the mandate of a lawfully enacted statute will be treated as the proximate cause of an injury which is a natural, probable and anticipated consequence of the non-observance." *See also* Syl. pt. 2, *Norman v. Virginia–Pocahontas Coal Co.,* 68 W.Va. 405, 69 S.E. 857 (1910) ("The violation of the statute is rightly considered the proximate cause of any injury which is a natural, probable, and anticipated consequence of the nonobservance.").

■ Obviously *Pitzer's* "anticipated consequence" is merely another way of saying "foreseeable consequence." *See* Syl. pt. 7, in part, *Puffer v. Hub Cigar Store,* 140 W.Va. 327, 84 S.E.2d 145 (1954) ("Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence[.]"). In other words, *Pitzer* stands for the proposition that whenever a plaintiff makes out a prima facie case of a violation of a statute, a defendant may offer rebuttal evidence that shows lack of foreseeability and a trial court may give an instruction on the issue.[10] In the instant case, Mr. Stephenson presented rebuttal evidence from which the jury could have determined that the collision in this case was not foreseeable. Therefore, we find no error in the trial court's instruction on foreseeability.

**2. Instruction on skidding.** Ms. Gillingham and Mr. Bumgardner assign error to an instruction given on the legal consequences of an automobile skidding. During the trial judge's charge to the jury the following instruction was given:

The court instructs the jury that the mere fact an automobile skids on the road is not alone evidence of negligence on the part of the driver; therefore, if you believe that Albert H. Stephenson did what might have been expected of a person of ordinary prudence acting under similar circumstances on the evening of the accident, then, you must find Albert H. Stephenson was not negligent in the operation of his vehicle[.]

Ms. Gillingham and Mr. Bumgardner contend that this instruction was confusing and is not supported by law or any syllabus point rendered by this Court. We disagree.

■ In Syllabus point 2 of *Boury v. Hamm,* 156 W.Va. 44, 190 S.E.2d 13 (1972), we held, in part, that "[a]n instruction which states that an automobile may skid on a highway without any negligence on the part of the driver … is correct[ ] … under proper evidence." *See also Waugh v. Traxler,* 186 W.Va. 355, 359, 412 S.E.2d 756, 760 (1991) ("[T]he mere fact that an automobile skids on the road is not alone evidence of negligence on the part of the driver."); *Sigmon v. Mundy,* 125 W.Va. 591, 595, 25 S.E.2d 636, 639 (1943) (same); *Woodley v. Steiner,* 112 W.Va. 356, 359, 164 S.E. 294, 295 (1932) (same). We explained the context in which skidding, in and of itself, is not negligence in *Sigmon,* 125 W.Va. at 596, 25 S.E.2d at 639:

It is true, of course, that an automobile may skid without the slightest negligence on the part of its driver. On the other hand, an automobile may be caused to skid by the negligence of the driver, and if established has the same consequences as to liability as negligence of any other character. The condition of the highway; the failure to take that condition into account;

---

**10.** Our review of other jurisdictions indicate that a majority of jurisdictions addressing the issue have held that foreseeability is an element of proof in an action premised upon the violation of a statute. *See Stanage v. Bilbo,* 382 So.2d 423, 424 (Fla.Dist.Ct.App.1980); *Agnello v. Puzzo,* 110 Ill.App.3d 913, 917, 66 Ill.Dec. 722, 443 N.E.2d 648, 651 (1982); *Nesvig v. Town of Porter,* 668 N.E.2d 1276, 1285 (Ind.Ct.App.1996); *Hartford Ins. Co. v. Manor Inn of Bethesda, Inc.,* 94 Md. App. 225, 238, 617 A.2d 590, 596 (1992); *McCroskey v. Gene Deming Motor Sales, Inc.,* 94 Mich. Ct.App. 309, 314, 94 Mich.App. 309, 288 N.W.2d 418, 421 (1979); *Adams v. Mills,* 312 N.C. 181, 193, 322 S.E.2d 164, 172 (1984); *Nateley's Enters., Inc. v. Fortunato,* 141 Misc.2d 529, 533 N.Y.S.2d 675, 678 (1988); *Young v. Wheeler,* 706 P.2d 552, 554 (Okl.App.Div.1985); *Gattman v.Favro,* 86 Or.App. 227, 739 P.2d 572, 574–575 (1987); *McClenahan v. Cooley,* 806 S.W.2d 767, 770 (Tenn.1991); *Hudson v. Winn,* 859 S.W.2d 504, 508 (Tex.App.1993).

the speed of the vehicle considering the condition of the road; and the use of brakes are all matters which can be taken into consideration in determining the question of whether skidding was caused by some negligent act of the driver of a motor vehicle.

 The instruction given in the case *sub judice* stated the law in West Virginia and was not confusing. The instruction required the jury to examine the issue of Mr. Stephenson's vehicle skidding in the proper context of whether he "did what might have been expected of a person of ordinary prudence acting under similar circumstances on the evening of the accident[.]" The instruction did not relieve Mr. Stephenson of liability if he did something before or during the skidding which an ordinary prudent person would not have done. Therefore we find no error in the instruction.[11]

## IV.

### CONCLUSION

In view of the foregoing, the judgment of the Circuit Court of Ohio County is affirmed.

Affirmed.

Chief Justice MCGRAW and Justice STARCHER dissent and reserve the right to file dissenting opinions.

MCGRAW, Chief Justice, dissenting.

(Filed July 6, 2001)

This strikes me as a very simple rear-end collision case that probably should have resulted in a verdict for the plaintiffs. The plaintiffs, who managed to stop their truck safely without injury to themselves or others, had their truck totaled by the defendant, who was driving his vehicle in such a fashion that he was unable to stop.

One of the most basic concepts instilled in young drivers in drivers' education classes is that if you rear-end someone, you are almost

certainly going to be liable for their damages. That is why our statutes require a driver to maintain control of his or her vehicle, in all situations.

As Justice Neely was fond of stating, predictability in the law is essential for stimulating prompt settlement of meritorious cases: "Voluntary settlements (which are in everyone's interest) are best encouraged by the articulation of clear, concise, bright line rules." *Hayseeds, Inc. v. State Farm Fire & Casualty*, 177 W.Va. 323, 352 S.E.2d 73 (1986) (parenthetical in original).

I find it fortunate that the majority wrote this as a *per curiam* case, lest it be found framed and hanging on the wall of every auto insurance claims adjuster in the state. Where liability is clear, anything this Court or any court does to encourage non-payment of claims is injurious to plaintiffs and defendants alike. Therefore I must respectfully dissent.

STARCHER, Justice, dissenting.

(Filed July 10, 2001)

I dissent to the majority opinion because I believe, on the facts presented in the record, that the plaintiffs' motion for judgment as a matter of law should have been granted on the issue of liability, and a jury should have been asked only to establish the amount of damages due plaintiffs, if any. The record firmly establishes that the defendant had a duty to drive carefully in accordance with road conditions, and that the defendant breached that duty.

The case boils down to this: the plaintiffs were driving down the road and came upon a collision that was blocking the road. Plaintiff Bumgardner stopped his pickup truck without incident, even though the road seemed to be icy. Moments later, defendant Stephenson came around a curve in a van, slammed on his brakes and slid into the Bumgardners' truck.

---

11. Ms. Gillingham and Mr. Bumgardner also contend that the cumulative effect of the assigned errors warrant a new trial. *See* Syl. pt. 8, *Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 459 S.E.2d 374 (1995) ("The cumulative error doctrine may be applied in a civil case when it is apparent that justice requires a reversal of a judgment because the presence of several seemingly inconsequential errors has made any resulting judgment inherently unreliable."). However, since we find no error in this case, the cumulative error doctrine is inapplicable.

There is absolutely nothing in the record to suggest that the plaintiffs were negligent. Stephenson admitted he had encountered ice on the road prior to the collision, and the plaintiffs were sitting still. The only question was whether the defendant was negligent, and whether that negligence proximately caused the plaintiffs' injuries.

The term "negligence" means that a defendant (a) owed some duty, and (b) breached that duty. The plaintiffs argued that the defendant owed a duty to drive his car with a degree of care governed by the conditions of the road. Because the road was icy, the plaintiff argues the defendant had a duty to slow down, and maintain his speed so that he could bring his car to a stop if another vehicle—like plaintiff Bumgardner's—blocked the road.

Instead, the trial court instructed the jury that "negligence requires a foreseeable risk of danger of injury and conduct unreasonable in proportion to the danger." This instruction simply should not have been given. The Legislature has already made the determination that certain types of conduct contain a "foreseeable risk of danger of injury." The Legislature has specified that driving a vehicle at a speed that is dangerous under the existing road conditions is a form of "conduct unreasonable in proportion to the danger."

*W.Va.Code*, 17C–6–1 states (with emphasis added) that "no person may drive a vehicle on a highway at a speed greater than is reasonable and prudent under the existing conditions and the actual and potential hazards. In *every* event speed shall be so controlled as may be necessary to avoid colliding with any … vehicle … on or entering the highways …. The driver of every vehicle shall … drive at an appropriate reduced speed … when approaching and going around a curve, when approaching a hill crest … and when special hazard exists with respect to … other traffic *or by reason of weather or highway conditions.*"

In the instant case, defendant Stephenson plainly drove his van at a "speed greater than [was] reasonable and prudent under the existing conditions and the actual *and potential* hazards."

This Court once stated in an opinion by Justice Workman, in ruling that a landlord could be liable for failing to install statutorily-required smoke detectors, that the "violation of a statute is prima facie evidence of negligence. In order to be actionable, such violation must be the proximate cause of the injury ." *Reed v. Phillips*, 192 W.Va. 392, 395, 452 S.E.2d 708, 711 (1994). *Prima facie* evidence of negligence was defined by the Court as meaning:

A *prima facie* case of actionable negligence is that state of facts which will support a jury finding that the defendant was guilty of negligence which was the proximate cause of plaintiff's injuries, that is, it is a case that has proceeded upon sufficient proof to the stage where it must be submitted to a jury and not decided against the plaintiff as a matter of law.

Syllabus Point 6, *Morris v. City of Wheeling*, 140 W.Va. 78, 82 S.E.2d 536 (1954).

Justice Workman, in discussing a "prima facie case of negligence" in the context of a violation of a statute, stated:

Although the violation of a statute creates a prima facie case of negligence, the determination as to whether there was in fact a violation and whether the violation was the proximate cause of the injury is within the province of the jury.

To establish a cause of action in negligence, it must first be shown that the alleged tortfeasor was under a legal duty or obligation requiring the person to conform to a certain standard of conduct. Where there is no legal duty to take care, there can be no actionable negligence.

In Prosser and Keeton on Torts, it is stated:

The standard of conduct required of a reasonable person may be prescribed by legislative enactment. When a statute provides that under certain circumstances particular acts shall or shall not be done, it may be interpreted as fixing a standard for all members of the community, from which it is negligence to deviate. The same may be true of municipal ordinances and regulations of administrative bodies. The fact that such legislation is usually penal in character, and carries with it a criminal penalty, will not prevent its use in imposing civil

752

liability, and may even be a prerequisite thereto.

W. Page Keeton et al., Prosser and Keeton on Torts § 36 at 220 (5th ed.1984) (footnotes omitted). Thus, the violation of a statute adopted for the safety of the public is prima facie negligence in that it is the failure to exercise that standard of care prescribed by the legislature.

*Reed v. Phillips*, 192 W.Va. 392, 396, 452 S.E.2d 708, 712 (1994) (citations omitted).

This Court has made clear that a defendant's violation of a statute creates a *prima facie* case from which the jury may infer the defendant's negligence. Under some circumstances a statutory violation may be excused. Our law still holds that a sudden emergency defense may provide a legal excuse for the violation of a statute if the violation is caused by an "unusual or unsuspected situation." [1] However, ice and snow cannot qualify as a sudden emergency exception to *W.Va.Code*, 17C–6–1, which requires that a driver take such road conditions into account.

*W.Va.Code*, 17C–6–1 prohibits a person from driving on a highway at a speed which prevents the person from controlling the vehicle so as "to avoid colliding with any ... vehicle ... on or entering the highway[.]" The statute requires a person to "drive a vehicle on a highway at a speed" that is "reasonable and prudent under the existing condition and the actual and potential hazards."

If a jury finds that the defendant violated this statute, adopted for the safety of the public, then the jury has made a *prima facie* finding that the defendant failed to exercise that standard of care prescribed by the Legislature. Accordingly, a finding that the defendant violated a statute is a finding that the defendant was negligent.

There was ample evidence in the record to establish that the defendant violated *W.Va. Code*, 17C–6–1, and none to contradict the evidence. Furthermore, the statute establishes that the Legislature has determined that harm was foreseeable from driving a vehicle at a speed that failed to account for actual and potential hazards, including adverse weather conditions, on the highway.

I therefore believe that it was error for the trial court to instruct the jury that it could consider the "foreseeable risk of danger of injury and conduct unreasonable in proportion to the danger" in deciding whether the defendant was negligent. I believe the defendant violated a statute, and was therefore, at a minimum, *prima facie* negligent. I would have gone further and ruled the defendant negligent as a matter of law, because there was no evidence of the plaintiffs' negligence and no legitimate justification for the defendant's actions. On this basis, I would have reversed the judgment for the defendant.

I therefore respectfully dissent to the majority's opinion.

---

1. In Syllabus Point 5 of *Moran v. Atha Trucking, Inc.*, 208 W.Va. 379, 540 S.E.2d 903 (1997), we stated:

A sudden emergency instruction is to be given rarely, in instances of truly unanticipated emergencies which leave a party little or no time for reflection and deliberation, and not in cases involving everyday traffic accidents arising from sudden situations which, neverthe-

less, reasonably prudent motorists should expect.

When a defendant alleges he/she was faced with a "sudden emergency" as a defense, it is not an absolute defense. Rather, it simply becomes a "factor[ ] for the jury to consider in determining the comparative negligence of the parties." 208 W.Va. at 392, 540 S.E.2d at 916 (Starcher, J., concurring).